IN THE UNITED STATES DISTRICT COURT FOR THE
FOR MIDDLE DISTRICT OF PENNSYLVANIA

Donald James BRATTON JR    25484-009
(full name)    (Register No).

Plaintiff(s).

Case No. 3: CV17-1695

DHO Cerney, Unit Manager
Passanetti, unknown Medical staff
(Full name)

Defendant(s).

Defendants are sued in their (check one)
___ Individual Capacity
___ Official Capacity
✓ Both

FILED WILLIAMSPORT SEP 18 2017 PER___ DEPUTY CLERK

RECEIVED WILLIAMSPORT SEP 18 2017 Per___ DEPUTY CLERK

**COMPLAINT PURSUANT TO 28 U.S.C. § 1331**

I.  Place of present confinement of plaintiff(s): United States Penitentiary Allenwood, White Deer, PA, 17887

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

A. Plaintiff Donald James BRATTON JR    Register No. 25484-009
   Address USP Allenwood Box 3000
   White Deer PA 17887

B. Defendant DHO Cerney

   Is employed as a disciplinary Hearing officer at USP Allenwood by the Bureau of Prisons at Box 3500 White Deer PA 17887

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

III.  Do your claims involve medical treatment?  Yes ___  No ✓

IV.  Do you request a jury trial?  Yes ✓  No ___

V.  Do you request money damages?  Yes ✓  No ___
State the amount claimed?  $ 300 / 000 (actual/punitive)

VI.  Are the wrongs alleged in your complaint continuing to occur?  Yes ___  No ✓

VII.  Grievance procedures:

   A. Does your institution have an administrative or grievance procedure?
   Yes ✓  No ___

   B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?  Yes ✓  No ___

   C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
   Regional appeal filed on Sept 6 2015 and denied on October 14, 2015. National Appeal was denied on October 20, 2016.

   D. If you have not filed a grievance, state the reasons.
   _____
   _____
   _____

VIII.  Previous civil actions:
1.  A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case:  Yes ___  No ✓

   B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?  Yes ___  No ✓

   C. If your answer is "yes," to either of the above questions, provide the following information for each case.

      (1) Style: _____
              (Plaintiff)                    (Defendant)
      (2) Date filed: _____

      (3) Court where filed: _____

      (4) Case Number and citation: _____

2

        (5) Basic claim made: _____

        (6) Date of disposition: _____

        (7) Disposition: _____
                  (Pending) (on appeal) (resolved)

        (8) If resolved, state whether for:
        _____
           (Plaintiff) or (defendant

    For additional cases, provide the above information in the same format on a separate page.

IX.    Statement of claim:

A.    State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

        _____See attached addendum_____

B.    State briefly your legal theory or cite appropriate authority:

        _____See attached addendum_____

    Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

        _____See attached addendum_____

X.   Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.

_____

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?        Yes_____   No ✓

If so, state the names(s) and address(es) of each lawyer contacted.
_____
_____
_____

C. Have you previously had a lawyer representing you in a civil action in this court?
                                                 Yes_____   No ✓

If so, state the lawyers name and address.
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this __13th__ day of __September__ 20_17_.

_____
Donald James Bratton Jr #25484-009
(Signatures of Plaintiff(s))

4

TRULINCS 25484009 - BRATTON, DONALD JR - Unit: ALP-C-A

----------------------------------------------------------------------------

FROM: 25484009
TO:
SUBJECT: BIVEN ACTION 28 U.S.C. SECTION 1331 PAGE 1
DATE: 09/03/2017 05:02:57 PM

ADDENDUM TO PLAINTIFF BRATTON BIVENS COMPLAINT:

IX. STATEMENT OF CLAIM:

    On August 16, 2015, Plaintiff Bratton had a non-contact visit with a female friend. During the visit, Plaintiff several times adjusted his pants and scratched himself in the groin area due to genital warts. *

    On August 16, 2015, at approximately 11:41 A.M. Officer M. Jenkins S.I.S. Tech issued Plaintiff Donald Bratton an incident report, writing: While this Officer was live monitoring closed captioned television (CCTV) of the visiting room, Inmate Bratton, Donald, Reg. No. 25484-009 was in non-contact (NC) Room 1. Via CCTV, I witnessed, Inmate Bratton then place his right hand in his groin area. Inmate Bratton then began to arouse himself through his khaki pants. Inmate Bratton then displayed the outline of his genitals to his female visitor by tightening his pants around his genital area. The incident was written up as a Code 205 violation.

    On August 27, 2015, plaintiff appeared before the Disciplinary Hearing Officer ("DHO") who read plaintiff his rights. He then read aloud the aforementioned incident report and asked plaintiff if he wanted to make a statement. Plaintiff stated that he was innocent of the offense. Plaintiff told the DHO that he has genital warts which cause the infected area to be very itchy. Plaintiff further advised the DHO that he could have supported his claim if his medical file was made available to him by the hospital to which he had previously submitted a written request. * Plaintiff also requested that his Unit Manager Pasanetti review the CCTV footage of Plaintiff's visitation to prove that he did not commit the prohibited act and to send a memo to the DHO detailing this exculpatory information. **

    For violation of Code 205, the DHO imposed the following sanctions upon plaintiff: (1) Twenty-seven days loss of good time credit; and (2) six months of loss of visitation privileges.

---

    *    Plaintiff's prison medical records shall support that he has genital warts which cause the infected area to become extremely itchy as well as uncomfortable when seated for prolong periods.

    **   Prior to this hearing, Plaintiff had requested that his Unit Manager Pasanetti review the CCTV footage of the visitation to verify that the prohibited act was not committed. After the review was completed and the innocence of Plaintiff established, Plaintiff asked that Unit Manager Pasanetti send a memorandum to DHO Cerney explaining the exculpatory nature of the CCTV evidence. Mr. Pasanetti never followed through with his commitment to undertake this obligation.

TRULINCS 25484009 - BRATTON, DONALD JR - Unit: ALP-C-A
------------------------------------------------------------

FROM: 25484009
TO:
SUBJECT: BIVENS COMPLAINT PAGE 2
DATE: 09/06/2017 06:22:53 AM

. The DHO relied exclusively on documentary evidence specifically the incident report which was authored by M. Jenkins SIS Tech.

Prior to this, Plaintiff asked DHO Cerney to review the CCTV footage which would support his version of the story that he was merely scratching and adjusting his underwear due to the itchy condition caused by the genital warts.

Plaintiff was housed in the segregation unit and could not obtain copies of his aforementioned medical records, nor could he make available the CCTV footage. When the hospital staff did not supply Plaintiff with the medical records, and Unit Manager Pasentti did not provide the DHO with a Memorandum verifying the exculpatory nature of the CCTV evidence, Plaintiff advised the DHO to review these two pieces of evidence. The DHO, however, stated that he would not review these and that he would rely instead on the weight of the evidence supplied by the reporting officer's report.

For violation of Code 205, the DHO imposed the following sanctions upon plaintiff:

1. Twenty-seven days loss of good time credit; and
2. Six months loss of visitation privileges.

The DHO's failure to review the CCTV evidence including the medical records violated Plaintiff's rights to Due Process of Law. This abridgement of his constitutional rights deprived Plaintiff of a fair and impartial hearing officer who relied exclusively on the reporting officer's report. The deprivation of due process in Plaintiff's case resulted in his loss of good time credits as well as his visitation privileges.

RELIEF REQUESTED: Plaintiff moves this Court to grant him the expungement of the incident report from his inmate file and the reinstatement of the 27 days of the loss of good time credit. In addition, Plaintiff moves this Court for all litigation expenses; Plaintiff sues DHO Cerney in his official and individual capacities in the amount of $100,000.00; In addition, Plaintiff Sues the unknown medical staff personnel and Unit Manager Pasaneti in their official and individual capacities in the amount of $100,000.00 each.

I, Donald Bratton Jr., hereby declare that the foregoing is true and correct under penalty of perjury.

Signed this 13th day of September, 2017.

Donald Bratton Jr.      *Donald Bratton Jr.*
Reg. #
USP Allenwood Box 3000
White Deer, Pa 17887

TRULINCS 25484009 - BRATTON, DONALD JR - Unit: ALP-C-A

---

FROM: 25484009
TO:
SUBJECT: Parties to this Civil Action (continued)
DATE: 09/06/2017 06:20:11 AM

II. Parties to this Civil Action (Continued)

    C. Defendant Unit Manager Pasanetti was (formerly retired) employed by the Bureau of Prisons at USP Allenwood, Box 3500, White Deer, Pa 17887

    D. Unknown Medical Staff is employed by the Bureau of Prisons at USP Allenwood, Box 3500, White Deer Pa 17887.

Administrative Remedy No. 836011-A3
Part B - Response

You appeal the August 19, 2015, decision of the Discipline Hearing Officer (DHO) regarding incident report #2750206, in which you were found to have committed the prohibited act of Engaging in a Sexual Act, Code 205.

Our review of this matter reveals the Regional Director has adequately addressed your concerns and determined your disciplinary proceedings were in substantial compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>. The DHO's decision was based upon the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you received advanced notice of the DHO hearing, appeared before the DHO, were advised of your rights, and made a statement. You were provided a staff representative who made a statement at the DHO hearing. The DHO gave greater weight of the evidence to the reporting officer's account of the incident and a video surveillance. Although you dispute the charge, the evidence is sufficient to support the finding.

Accordingly, your appeal is denied.

10/20/16
Date

Ian Connors, Administrator
National Inmate Appeals

*Given to inmate on 11.22.16 directly after it was received*

25484-009
ntiary-Allenwood

787

SEP 14 2017

ILED FROM
ENITENTIARY

USMS X-RAY

il Mail

7009 3410 0001 4927 8661

⇔25484-009⇔
Us Dst Court
240 W 3RD ST
Suite#218
Williamsport, PA 17701
United States